IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | I N D I C T M E N T |
| | ) | |
| v. | ) | Case No. _____ |
| | ) | |
| PATRICK LLOYD HOFSTAD, LAURA ANITA MAKEEFF, HENRY LEE GIPP, NATHAN WILLIAM FEHL-HABER, ROBERT MANUEL MARTELL, and GRANT MICHAEL GRENSTEINER | ) ) ) ) ) ) ) | Violation:  21 U.S.C. §§ 841(a), 846, and 860; 18 U.S.C. §§ 922(g)(1), 924(a)(2), 924(e), 924(d) and 2; 28 U.S.C. § 2461(c) |

COUNT ONE

**Conspiracy to Possess with Intent to Distribute
and Distribute Controlled Substances**

The Grand Jury Charges:

From in or about August 2010 and continuously until the date of this Indictment, in the District of North Dakota, and elsewhere,

PATRICK LLOYD HOFSTAD,
LAURA ANITA MAKEEFF,
HENRY LEE GIPP,
NATHAN WILLIAM FEHL-HABER,
ROBERT MANUEL MARTELL, and
GRANT MICHAEL GRENSTEINER

did knowingly and intentionally combine, conspire, confederate, and agree together and with others, both known and unknown to the grand jury, to possess with intent to distribute and distribute in excess of 500 grams of mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

Overt Acts

In furtherance of this conspiracy and to effect and accomplish the objects of it, one or more of the conspirators committed the following overt acts:

1. It was a part of said conspiracy that the defendants and others would and did possess with intent to distribute and did distribute in excess of 500 grams of a mixture or substance containing methamphetamine;

2. It was part of said conspiracy that the defendants and others would and did attempt to conceal their activities;

3. It was part of said conspiracy that the defendants and others would and did use telecommunication facilities;

4. It was part of said conspiracy that the defendants and others would and did use United States currency in their drug transactions;

In violation of Title 21, United States Code, Section 846; Pinkerton v. United States, 328 U.S. 640 (1946).

## COUNT TWO

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about July 30, 2012, in the District of North Dakota,

PATRICK LLOYD HOFSTAD and
NATHAN WILLIAM FEHL-HABER

knowingly and intentionally distributed 3.98 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT THREE

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about August 1, 2012, in the District of North Dakota,

PATRICK LLOYD HOFSTAD,
NATHAN WILLIAM FEHL-HABER, and
ROBERT MANUEL MARTELL

knowingly and intentionally distributed 13.87 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FOUR

### Distribution of a Controlled Substance

The Grand Jury Further Charges:

On or about August 7, 2012, in the District of North Dakota,

PATRICK LLOYD HOFSTAD and
NATHAN WILLIAM FEHL-HABER

knowingly and intentionally distributed 14.02 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1), and Title 18, United States Code, Section 2.

## COUNT FIVE

**Distribution of a Controlled Substance Within a School Zone**

The Grand Jury Further Charges:

On or about August 8, 2012, in the District of North Dakota,

>GRANT GRENSTEINER and
>LAURA ANITA MAKEEFF

knowingly and intentionally distributed 7.09 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in or on, or within one thousand feet of, the real property comprising a public or private elementary school, that is, Pioneer Elementary School, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1) and 860, and Title 18, United States Code, Section 2.

COUNT SIX

**Distribution of a Controlled Substance Within a School Zone**

The Grand Jury Further Charges:

On or about August 8, 2012, in the District of North Dakota,

GRANT GRENSTEINER and
LAURA ANITA MAKEEFF

knowingly and intentionally distributed 6.97 grams of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, in or on, or within one thousand feet of, the real property comprising a public or private elementary school, that is, Pioneer Elementary School, in Bismarck, North Dakota;

In violation of Title 21, United States Code, Section 841(a)(1) and 860, and Title 18, United States Code, Section 2.

## COUNT SEVEN

### Possession of Ammunition by a Convicted Felon

The Grand Jury Further Charges:

In July 2012, in the District of North Dakota,

### HENRY LEE GIPP

having been convicted of the following crimes punishable by imprisonment for terms exceeding one year:

(1) Delivery of Marijuana, in Burleigh County (North Dakota) District Court, on or about January 7, 2010;

(2) Delivery of Marijuana, in Burleigh County (North Dakota) District Court, on or about January 7, 2010;

(3) Delivery of Cocaine, in Burleigh County (North Dakota) District Court, on or about January 7, 2010; and

(4) Delivery of Cocaine, in Burleigh County (North Dakota) District Court, on or about January 7, 2010;

did knowingly possess in and affecting commerce ammunition, that is, four rounds of 9 mm ammunition;

In violation of Title 18, United States Code, Sections 922(g)(1), 924(a)(2), and 924(e).

## FORFEITURE ALLEGATION

The Grand Jury Further Finds Probable Cause That:

The allegations contained in this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

Upon conviction of the offense in violation of Title 18, United States Code, Sections 924(c)(1), set forth in Count Seven of this Indictment,

## HENRY LEE GIPP

shall forfeit to the United States, pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c), any firearms and ammunition involved or used in the commission of the offense, including, but not limited to:

- Four rounds of 9 mm ammunition

If any of the property described above, as a result of any act or omission of the defendant:

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty,

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c);

All pursuant to Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461(c).

                        A TRUE BILL:


                        /s/ Grand Jury Foreperson
                        Foreperson


/s/ Timothy Q. Purdon
TIMOTHY Q. PURDON
United States Attorney


JL:rab