**IN THE UNTIED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA
SOUTHWESTERN DIVISION**

| | |
|---|---|
| United States of America, ) | |
| ) | **ORDER DENYING DEFENDANT'S** |
| Plaintiff, ) | **MOTION TO SEVER** |
| vs. ) | |
| ) | Case No. 1:13-cr-018-03 |
| Henry Lee Gipp, ) | |
| ) | |
| Defendants. ) | |

Before the Court is Defendant Henry Lee Gipp's motion to sever filed on March 17, 2015. See Docket No. 263. For the reasons set forth below, the Court denies the motion.

## I. BACKGROUND

On February 13, 2013, Defendant Henry Lee Gipp was charged in an indictment with conspiracy to possess with the intent to distribute and distribute controlled substances, and possession of a ammunition by a convicted felon. See Docket No. 2. The indictment alleges that Gipp, along with numerous co-defendants, conspired to possess and distribute methamphetamine in North Dakota. See Docket No. 2. Trial is scheduled to commence on July 27, 2015.

On March 17, 2015, Gipp filed a motion to sever. See Docket No. 265. Gipp requests he be severed from the remaining defendants for trial to guarantee his right to a fair trial and to prevent prejudice that would occur if he is tried with the other co-defendants. The Government filed a response in opposition to the motion on March 30, 2015. See Docket No. 276.

## II. LEGAL DISCUSSION

Rule 8(b) of the Federal Rules of Criminal Procedure provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be

charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Civ. P. 8(b). "Generally, the 'same series of acts or transactions' means acts or transactions that are pursuant to a common plan or a common scheme." United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998) (citing United States v. Jones, 880 F.2d 55, 61 (8th Cir. 1989)). Rule 8(b) is to be construed liberally. United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002) (citing Jones, 880 F.2d at 62).

Rule 14(a) of the Federal Rules of Criminal Procedure provides, "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." A motion to sever will only be granted "upon a showing of real prejudice to an individual defendant." United States v. Payton, 636 F.3d 1027, 1037 (8th Cir. 2011) (quoting United States v. Sandstrom, 594 F.3d 634, 644 (8th Cir. 2010)). The prejudice must be "real" and "clear" and "[t]he defendant carries a heavy burden in making this showing." Id. (citing Sandstrom, 594 F.3d at 644). "A defendant 'can demonstrate real prejudice to his right for a fair trial by showing (a) that his defense is irreconcilable with the defense of his co-defendant or co-defendants, or (b) that the jury will be unable to compartmentalize the evidence as it relates to separate defendants.'" United States v. Washington, 318 F.3d 845, 858 (8th Cir. 2003) (quoting United States v. Jackson, 64 F.3d 1213, 1217 (8th Cir. 1995)). Severing the defendants' trials is within the district court's discretion. Id. (citing Sandstrom, 594 F.3d at 644).

Gipp contends that severance is appropriate because there is a significant amount of evidence that will be presented at trial that has no bearing on Gipp's case. Specifically, Gipp argues he will be severely prejudiced due to the amount of evidence that will be presented against co-defendants

Patrick Hofstad, Nathan Fehl-Haber, and Grant Grensteiner. Severance can be justified if the defendant shows "that the jury will be unable to compartmentalize the evidence as it relates to separate defendants." Payton, 636 F.3d at 1037 (quoting Sandstrom, 594 F.3d at 644). In this case, numerous defendants are charged with conspiracy to possess with the intent to distribute methamphetamine. There is a preference for a single trial of defendants who are jointly indicted, particularly where a conspiracy is charged. "Persons charged with a conspiracy will generally be tried together, especially where proof of the charges against each of the defendants is based on the same evidence and acts." United States v. Foote, 920 F.2d 1395, 1398 (8th Cir. 1990) (citation omitted). The risk of prejudice posed by a single trial is best cured by specific jury instructions. United States v. Mickelson, 378 F.3d 810, 818 (8th Cir. 2004). The Defendant has not met his burden of showing that a jury will be unable to compartmentalize the evidence.

      The Eighth Circuit has recognized inherent prejudice in multi-defendant cases. However, severance is not the standard fo curing this prejudice. "The risk of prejudice posed by joint trials is best cured by careful and thorough jury instructions." Mickelson, 378 F.3d at 818. (citing United States v. Delpit, 94 F.3d 1134, 1143-44 (8th Cir. 1996)). "The general rule is that coconspirators should be tried together . . . and a severance should not be granted if 'less drastic measures, such as limiting instructions . . . will suffice to cure any risk of prejudice.'" United States v. Kuenstler, 325 F.3d 1015, 1024 (8th Cir. 2003) (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993). "[I]t will be the rare case, if ever, where a district court should sever the trial of alleged coconspirators." United States v. Spotted Elk, 548 F.3d 641, 658 (8th Cir. 2008) (quoting United States v. Frazier, 280 F.3d 835, 844 (8th Cir. 2002)). It is well-established that in order to warrant a separate trial, Gipp has the heavy burden to demonstrate a trial involving all of the charged Defendants would be

truly prejudicial. The Court finds Gipp has failed to sustain his burden of proof and has failed to establish a showing of real prejudice so as to warrant a severance of trial.

### III.     CONCLUSION

The Court has reviewed the entire record, and relevant case law. In the exercise of its broad discretion, the motion to sever (Docket No. 263) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 8th day of April, 2015.

>   */s/ Daniel L. Hovland*
>   Daniel L. Hovland, District Judge
>   United States District Court